UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY WARD

        Plaintiff,

vs.

G. REYNOLDS SIMS & ASSOC.,

        Defendant.
_____/

Case No. 12-CV-12078

HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [DOC. 14]

Plaintiff Randy Ward filed this action under the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Michigan Regulation of Collection Practices Act (MRCPA), MCL § 445.252. The case arises from defendant's service of a garnishment on plaintiff's bank account, and focuses on a subsequent conversation where defendant's account representative told plaintiff it had withdrawn the garnishment and sent the release to the state district court for filing. The matter is before the court on defendant's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted. For the reasons stated herein, defendant's motion for judgment on the pleadings is DENIED.

FACTUAL BACKGROUND

The defendant, G. Reynolds Sims & Associates, P.C., is a law firm engaged in debt collection. Plaintiff owes a judgment against him for a $1,300 credit card debt. Plaintiff is a divorced, single father of three kids. Defendant, on behalf of its client CACH LLC, filed a request for a writ of non-periodic garnishment against plaintiff's bank account at LAFCU,

and a writ of periodic garnishment with plaintiff's employer, Multi Packaging Solutions. On April 4, 2012, the district court issued a writ of non-periodic garnishment against plaintiff's LAFCU's bank accounts. On April 17, 2012, LAFCU was served with a copy of the writ and issued a disclosure indicating that there were non-exempt funds in the savings account and the amount to be withheld was $289.98. LAFCU did not identify any funds as exempt, nor did it indicate that any of the funds were child support payments. After a garnishment is served, the garnishee is required to hold all garnished amounts for 28 days to permit a debtor to file objections with the court.

On April 18, 2012, plaintiff called defendant's law office and spoke to a non-attorney account representative regarding the garnishment. Plaintiff explained that the bank account contained child support money which was not subject to garnishment. The account representative instructed plaintiff to fax bank statements and documents to support his position that the account contained child support money. That same day plaintiff faxed defendant a one page letter detailing his financial circumstances along with copies of his LAFCU savings account statements.

Plaintiff called defendant on April 25, 2012 and was told that defendant would release the garnishment for the bank account and the paycheck. Defendant told plaintiff that they had express mailed a release of garnishment to the court on April 18, 2012. Defendant told plaintiff they wanted to help him. During this conversation, plaintiff allegedly agreed to pay defendant $125.00 per month on the judgment. Plaintiff also did not file an objection to the garnishment with the court in reliance upon defendant's representation that it had mailed the Release of Garnishment to the court.

On April 30, 2012, plaintiff called the court to verify that it had the Release of Garnishment. The court informed plaintiff it had not received a Release of Garnishment from defendant. On May 1, 2012, plaintiff's attorney Gary Nitzkin sent defendant an email demanding a refund of the garnished funds immediately. Defendant responded that it was never in possession of any funds garnished from plaintiff. Defendant called the district court and was told that the garnishment releases had not been received, but they would accept the releases by fax. Defendant faxed the releases to the court on May 1, 2012, and they were entered that day (14 days before the expiration of the mandatory withholding period of 28 days set forth under MCR 3.101(J)).

Plaintiff filed his complaint on May 9, 2012, alleging violations of the FDCPA and MCPA in the attempted collection of a debt. In response to defendant's motion for judgment on the pleadings, plaintiff clarified that his complaint centered on the April 25, 2012 conversation when defendant falsely told plaintiff that it had mailed a Release of Garnishment to the court on April 18, 2012 via express mail. In addition, by misrepresenting the status of the Release of Garnishment forms and by misleading plaintiff into believing that defendant wanted to help him, defendant deceived plaintiff into agreeing to voluntarily make payments on the judgment. No such payments were actually made by plaintiff.

STANDARD FOR JUDGMENT ON PLEADINGS

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See e.g., Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## ANALYSIS

I. <u>Violation of 15 U.S.C.§ 1692e</u>

Plaintiff does not argue that defendant's garnishment on his bank account was wrongful, but rather that defendant used "false, deceptive, or misleading representations or means in connection with the collection of [a] debt" in violation of 15 U.S.C. § 1692e. Plaintiff specifically points to the April 25, 2012 conversation with defendant, wherein defendant falsely stated that it had express mailed a release of garnishment to the court on April 18, 2012. The district court denied receiving such a document.

Defendant argues that the promise to release a garnishment is not a representation made in connection with the collection of a debt, but rather it is a representation that a debt will not be collected by garnishment. The stated purpose of the Debt Collection Practices section of the FDCPA, is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Section 1692e states the "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt", and goes on to list conduct that would be a violation of the section. This includes false representations that the debt collector is affiliated with the United States or any State; false representations about the amount or legal status of any debt; false representations that any communication is from an attorney; representations that nonpayment of any debt will result in an arrest, seizure or sale of property or wages unless such action is lawful and the debt collector intends to take such action; *the use of false representations or deceptive means to collect a debt*, etc. . . 15 U.S.C. 1692e(1) through (16). The accusation that defendant lied about mailing or filing a release of garnishment with the court could be considered *the use of any false representation to collect or attempt to collect a debt*. If defendant misrepresented that it had mailed the release of garnishment to the court in order to get plaintiff to agree to a voluntary payment plan, or to lull him into thinking he did not need to file an objection to the garnishment, that would be a violation that the FDCPA was intended to address. Without discovery, the court does not know what really happened in this case.

Defendant's motion for judgment on the pleadings is denied because there is an issue of fact whether defendant made a false statement or whether it really did mail the release to the court.

II. <u>Violation of MCL 455.252(e)</u>

Defendant's motion for judgment on the pleadings argues that plaintiff's state claim under the Michigan Regulation of Collection Practices Act should be dismissed because the MCPA applies only to "regulated persons," and defendant is not a regulated person. A regulated person is defined as "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including the following . . . [a]n attorney handling claims and collections on behalf of a client and in the attorney's own name." MCL 445.251(g)(xi).

Defendant cites to the Western District case of *Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi*, 2005 WL 2180481, *7 (W.D. Mich., 2005) for its holding that the defendant law firm in that case did not fit into the definition of "regulated person" because its debt collection activities were on behalf of its client and not in the law firm's own name. The court read the statutory language, specifically the use of the word "and", as requiring the attorney to collect the debt in his own name, and not in the name of his client, as was the case here. Judge Rosen considered the *Stolicker* holding and rejected its reasoning. After analyzing the statutory language, and comparing it to the same language found in the section of the Michigan Occupational Code addressing collection agencies, Judge Rosen concluded that the Michigan Legislature intended to treat attorneys as "regulated persons" "whether they handle claims and collections 'on behalf of a client' or 'in the attorney's own

name.'" *Misleh v. The Law Offices of Timothy E. Baxter & Assoc.*, 786 F.Supp.2d 1330, 1338 (E.D. Mich. 2011).

This court is persuaded by Judge Rosen's analysis and finds that the defendant law firm in this case was acting like a debt collector on behalf of its client and is thus subject to the MCPA, as well as the FDCPA.

## CONCLUSION

For the reasons stated above, defendant's motion for judgment on the pleadings is DENIED.

Dated: January 30, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 30, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk