UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY WARD,

    Plaintiff,

vs.

G. REYNOLDS SIMS & ASSOC, P.C.,

    Defendant.
_____/

Case No. 12-12078

Hon. George Caram Steeh

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS [DOC. #45]

    Plaintiff accepted defendant's Offer of Judgment in his Fair Debt Collection Practices Act ("FDCPA") case in the amount of $5,380.00 in damages plus costs and reasonable attorney's fees. (Doc. # 41). For the reasons given below, the court now grants in part plaintiff's motion for attorney's fees and costs.

PROCEDURAL BACKGROUND

    On May 9, 2012, plaintiff Randy Ward filed his complaint against defendant G. Reynolds Sims & Associates, P.C., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.251-445.258. After filing its response, defendant moved for judgment on the pleadings on September 15, 2012. In its motion, defendant claimed plaintiff failed to state a claim on which relief could be granted and filed his FDCPA claim in bad faith, so defendant should be entitled to attorney's fees. The court denied defendant's motion after determining there was an issue of fact.

-1-

Following the court's denial of its motion for judgment on the pleadings, defendant made an offer of judgment to the plaintiff on January 30, 2014, which included damages as well as attorney's fees that had been incurred to that point and could reasonably be expected to accrue following the offer.

> DEFENDANT offers the sum total of $1,330.00 in statutory damages, and an additional $4,050.00 in actual damages, for a total amount of $5,380.00, plus costs accrued and reasonable attorney's fees incurred to date (said fees and costs are to be in an agreed upon amount as between counsel for all parties, or if the parties are unable to agree, as determined by the Court upon motion, and said fees and costs shall be included in the "amount offered" as described in Paragraph No. 2) relative to the [claims] in Plaintiff's Complaint . . . .

(Doc. #41). Plaintiff accepted defendant's offer of judgment and submitted his motion for attorney's fees requesting an award in the amount of $27,925.89. Defendant now refuses to pay plaintiff the requested amount of attorney's fees because defendant believes the amount is unreasonable.

ANALYSIS

**I.      Hourly Rate**

Defendant argues that opposing counsel's hourly rate is excessive. Plaintiff is represented by Mr. Nitzkin, the founder of Michigan Consumer Credit Lawyers, and Mr. Shackelford, who is an attorney for Michigan Consumer Credit Lawyers. Mr. Nitzkin's hourly rate is $350.00 per hour and Mr. Shackelford's hourly rate is $300.00 per hour.

The primary concern in an attorney fee case is that the fee awarded must be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th

Cir. 2004). A reasonably hourly rate is generally calculated according to the "prevailing market rate in the relevant community." *Potter v. Blue Cross Blue Shield,* 2014 U.S. Dist. LEXIS 44720 (E.D. Mich. Jan. 30, 2014). Defendant asserts that these hourly rates are excessive and the average hourly rate for a managing partner in Oakland County is approximately $254.00 per hour. Thus, defendant believes Mr. Nitzkin should receive $250.00 per hour and Mr. Shackelford should receive $200.00 per hour.

Here, the relevant community is the Eastern District of Michigan. The burden is on the prevailing attorneys to justify the reasonableness of a requested fee award. *Blum v. Stenson*, 465 U.S. 886, 896 (1984). This burden can be satisfied by presenting evidence, including sworn affidavits, that the requested rates are on par with those in the relevant community. *See Id.* In the case at hand, each of plaintiff's attorneys, and their paralegals, provided affidavits in support of their hourly rate. Additionally, plaintiff's attorney, Mr. Nitzkin, refers the court to the State Bar of Michigan's Economics of Law Practice Attorney Income and Billing Rate Summary Report. This report states that the median hourly rate charged by attorneys working in the field of consumer law is $300.00 per hour, and those attorneys in the 75th percentile charge $350.00 per hour on average.

This case did not present any unique issues that required the expertise of a specialized consumer lawyer that would justify approving an hourly rate above the median charged by attorneys in the relevant community. Therefore, the court approves an hourly rate of $300.00 for each counsel on the case. This reduction from $350.00 per hour to $300.00 per hour will reduce the overall award of attorney's fees by $730.00.

Next, defendant argues that the hourly rate of plaintiff's paralegals should be reduced as well because he failed to provide any support for a $160.00 billable rate. The

-3-

defendant incorrectly cites to *Beck v. Manistee Cnty.*, 2005 WL 2620194 (W.D. Mich. Oct. 14, 2005) to support his argument. In *Beck*, the paralegal fee was not reduced to $75.00 per hour because the plaintiff only offered an affidavit in support of the rate. In fact, $75.00 per hour was the original billing rate of the paralegal, which the judge decided to leave unchanged. However, the defendant is correct in asserting that plaintiff failed to provide any support for a $160.00 per hour billable rate because each paralegal's affidavit states he or she charges $140.00 per hour. Thus, the court believes the billable rates for Julie LaManna and Sarah Sosa should be reduced from $160.00 per hour to $140.00 per hour. Furthermore, it is the court's position that $140.00 per hour is a reasonable fee because the plaintiff is saving money by having paralegals perform some of the work. *E.g.*, *Atallah v. Law Office of Timothy E. Baxter, P.C.*, 2013 WL 866477 *4 (E.D. Mich. Mar. 7, 2013). This reduction from $160.00 per hour to $140.00 per hour will reduce the overall award of attorney's fees by $204.00.

II.     **Hours Accrued During Plaintiff's Bankruptcy Case**

Defendant asserts that the amount awarded for attorney's fees be reduced by the court because several of the tasks billed for were not reasonably incurred in this litigation. These tasks are from plaintiff's bankruptcy claim. This bankruptcy claim lasted from February 22, 2013 until November 12, 2013, which, according to the defendant, was the entire length of discovery in the FDCPA case. In total, defendant claims that the bankruptcy claim consisted of 15.9 hours and $12,770 worth of legal work.

However, plaintiff asserts that his counsel took action in the bankruptcy court in order to advance his claims in the FDCPA case. Additionally, his counsel argues that

plaintiff's bankruptcy proceeding ultimately led to the recovery of plaintiff's damages in this matter, and therefore, the hours spent on it were reasonably related to the present case.

Neither party cites any case law supporting their assertions regarding whether or not an award of attorneys' fees should include hours spent on work done in another case. "The party seeking attorneys' fees bears the burden of proof on the number of hours expended and rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1990). Therefore, the court agrees that the fees requested by plaintiff related to his bankruptcy proceeding should be reduced because plaintiff has not met the burden of proving the hours were reasonably related to this FDCPA case. *See e.g., New Life Ministries v. Charter Township of Mt. Morris*, 2006 WL 2927674, *2 (E.D. Mich. Oct. 12, 2006) (reducing award of attorneys' fees because the entries appeared to relate to legal services unrelated to pursuing plaintiff's RLUIPA claim).

### III.    Costs Incurred After Acceptance of An Offer of Judgment

Defendant served a Rule 68 Offer of Judgment on plaintiff on January 30, 2014. That same day, plaintiff's attorneys prepared an acceptance to the Offer of Judgment. According to the defendant's brief and the billable hours records, the plaintiff's attorneys billed their client for 1.4 more hours, or $336.00, after acceptance of the Offer of Judgment.

Defendant asserts that they should not be required to pay fees accruing after the acceptance of their Offer of Judgment. Generally, this is the case in instances where a plaintiff accepts a defendant's Offer of Judgment. *See, e.g., Hanover Groves Consumer House Cooperation v. Berkadic Commercial Mortgage, LLC,* 2014 U.S. Dist. LEXIS 51752 *6-7 (E.D. Mich. Apr. 15, 2014) (stating "the only attorneys' fees that were reasonably incurred are the fees incurred prior to the offer of judgment.")  However, in the case at

-5-

hand, defendant's Offer of Judgment expressly included "those reasonable attorney's fees that could accrue after the Offer of Judgment," including those associated in deciding whether to accept the Rule 68 Offer and "those associated with preparing a motion for attorney's fees before the court." (Doc. # 41). Thus, plaintiff is entitled to the fees that incurred after he accepted the defendant's Offer of Judgment.

**IV.    Administrative Or Clerical/Secretarial Tasks**

Finally, defendant asserts the award of attorney's fees should be reduced by any amount billed for purely administrative and secretarial tasks. Once again, the primary concern in an attorney's fees case is "that the fee awarded is reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier*, 372 F.3d at 791. The damages generally awarded in FDCPA cases tend to be relatively small. If the award of attorney's fees in an FDCPA case were limited by the amount of damages received then it would be difficult for parties to attract competent counsel. "In order to encourage able counsel to undertake FDCPA cases," and deter abusive debt collectors, "as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Atallah*, 2013 WL 866477 * 3 (*quoting Tolentino v. Friedman*, 45 F.3d 645, 652 (7th Cir. 1995)). Moreover, as mentioned above, having paralegals perform certain tasks that are in furtherance of the litigation actually helps prevent a windfall for lawyers because paralegals have cheaper hourly rates than attorneys.

In support of its assertion, defendant cites to *Missouri v. Jenkins*, which states "that purely secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." 491 U.S. 274, 288, n.10 (1989). However, defendant fails to acknowledge that the

footnote it cites to in *Jenkins* goes on to say that such non-legal work "may" command a lesser rate, which does not necessarily mean that the non-legal work done by plaintiff's counsel's paralegals cannot be compensated. 491 U.S. at 288, n.10.

Additionally, defendant fails to identify any specific time entries that would be classified as purely clerical or administrative. Defendant points out that plaintiff seeks to recover fees for "scanning documents, updating calendars, and receiving document transmission." (Doc. #48). However, the court in *Automotive Support Group, LLC v. Hightower*, 2012 WL 32733 (E.D. Mich. Jan. 6, 2012) held that receiving and reviewing e-filings, printing, scanning, and emailing were all compensable tasks. Therefore, plaintiff is entitled to the $2,858.60 that defendant claims covered administrative and secretarial tasks.

## CONCLUSION

For all of the foregoing reasons, it is hereby ordered that plaintiff's Motion for Attorney's Fees pursuant to defendant's Offer of Judgment is GRANTED, in part. It is further ordered that, as the prevailing party in this FDCPA case, pursuant to 15 U.S.C. § 1692, plaintiff is hereby awarded attorney's fees in the amount of $14,221.89. This represents $27,925.89 initially requested, less the $12,770.00 sought by plaintiff for legal work related to his bankruptcy claim, $730.00 after reducing Mr. Nitzkin's hourly rate to $300.00, and $204.00 resulting from a reduction to the paralegal's hourly rate.

Dated:  September 26, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk